IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REBECCA BETHEA DOE, | : | CIVIL ACTION |
| ADMINISTRATRIX FOR THE ESTATE | : | |
| OF ERNEST DOE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.  10-03854 |
| | : | |
| GLOBE LIFE AND ACCIDENT | : | |
| INSURANCE COMPANY, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

BUCKWALTER, S. J.                                                                                      August 10, 2011

Presently before the Court is the Motion for Summary Judgment by Defendant Globe Life and Accident Insurance Company ("Defendant").  For the following reasons, the Motion is granted.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

In this action, Plaintiff Rebecca Bethea Doe ("Plaintiff"), Administratrix for the Estate of Ernest Doe, seeks $250,000 in benefits from Defendant as issuer of Mr. Doe's accidental death insurance policy (the "policy").  Plaintiff is the surviving spouse of the decedent.  (Pl.'s Resp. Opp'n, Ex. P-4, Aff. of Rebecca Doe ¶ 1, June 27, 2011 ("Doe Aff.").)

On August 20, 2005, Ernest Doe was pronounced dead at AtlantiCare Regional Medical Center by Dr. Hydow Park, medical examiner for Atlantic County, New Jersey.  (Compl. ¶ 9.) Following an autopsy and toxicology report, Dr. Park identified the cause of death as acute

cocaine, hydrocodone, and diazepam intoxication, and deemed the death accidental. (Pl.'s Resp. Opp'n, Ex. P-2.) The Certificate of Death reflects these findings. (Id., Ex. P-1.) At the time of Mr. Doe's death, he suffered from diabetes, obesity, high blood pressure, and hypertension. (Compl. ¶ 6.) The medical examiner's report also noted a history of drug and alcohol abuse. (Pl.'s Resp. Opp'n, Ex. P-2.) Plaintiff has sought to recover benefits under Mr. Doe's accidental death benefit policy, which names Plaintiff as beneficiary. (Compl. ¶ 14; Def.'s Mot. Summ. J. ¶ 5.) Defendant has denied Plaintiff any payment, claiming that the policy does not cover death via acute drug intoxication. Consequently, Plaintiff commenced this action in the Court of Common Pleas in Philadelphia County on July 29, 2010. Defendant removed the matter to the Eastern District of Pennsylvania on August 3, 2010. Both parties having completed discovery, Defendant now moves for summary judgment.

## II.     STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). A factual dispute is "material" only if it might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For an issue to be "genuine," a reasonable fact-finder must be able to return a verdict in favor of the non-moving party. Id.

On summary judgment, the moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). It is not the court's role to weigh the disputed evidence and decide which is more probative, or to make credibility determinations.

Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998) (citing Petruzzi's IGA Supermkts., Inc. v. Darling-Del. Co. Inc., 998 F.2d 1224, 1230 (3d Cir. 1993)).  Rather, the court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)); Tigg Corp. v. Dow Corning Corp., 822 F.2d 358, 361 (3d Cir. 1987).  If a conflict arises between the evidence presented by both sides, the court must accept as true the allegations of the non-moving party, and "all justifiable inferences are to be drawn in his favor."  Anderson, 477 U.S. at 255.

   Although the moving party bears the initial burden of showing an absence of a genuine issue of material fact, it need not "support its motion with affidavits or other similar materials negating the opponent's claim."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  It can meet its burden by "pointing out . . . that there is an absence of evidence to support the nonmoving party's claims."  Id. at 325.  Once the movant has carried its initial burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita Elec., 475 U.S. at 586.  "[T]he non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument."  Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006).  If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate.  Celotex, 477 U.S. at 322.  Moreover, the mere existence of some evidence in support of the nonmovant will not be adequate to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the

nonmovant on that issue.  Anderson, 477 U.S. at 249-50.

## III.   DISCUSSION

Defendant argues that Mr. Doe's death does not qualify for coverage because it does not fall within the policy's definition of "accidental."  (Def.'s Mot. Summ. J. ¶¶ 36-37.)  Even if the death could be deemed accidental, Defendant argues that it falls within one of the policy's stated exclusions.  (Id. ¶ 46.)  The Court agrees with Defendant's latter assertion, and thus need not reach the issue of whether acute drug intoxication qualifies as "accidental" within the meaning of the policy.

The policy states that it does not cover death caused by "[b]eing under the influence of any drug, narcotic, poison or gas unless taken on the advice of a physician."  (Pl.'s Resp. Opp'n, Ex. 2 at 2.)  Defendant, citing the cause of death identified in the medical examiner's report and the death certificate as acute cocaine, hydrocodone, and diazepam intoxication, argues that Mr. Doe's death was clearly drug-induced, hence excepting him from coverage.  (Def.'s Mot. Summ. J. 12-13.)  Plaintiff does not question Defendant's interpretation of the exclusion, nor does she contend that the exclusion's terms are ambiguous.  Rather, she argues that the examiner failed to test for the presence of Avandia, a diabetes medication Mr. Doe had been taking at the direction of his doctor since June of 2005.  (Pl.'s Resp. Opp'n 1-2.)  According to Plaintiff, the FDA has determined that Avandia has "lethal side effects."  (Id. at 4.)  No one from the medical examiner's office ever questioned Plaintiff about Mr. Doe's medical history or prescription medications.  (Doe Aff. ¶¶ 6, 8.)  As such, Plaintiff argues that a genuine issue of material fact exists as to whether her husband's death was caused by Avandia – and thus falls outside the scope of the aforementioned exception.  (Id. at 2.)

The Court finds that Plaintiff has not provided evidence sufficient to raise a genuine issue of material fact such that summary judgment should be denied.  Defendant cites the medical examiner's Post-Mortem Examination Report, the Toxicology Report, and the Certificate of Death as evidence that Mr. Doe died as a result of acute drug intoxication.  Plaintiff offers no competing expert testimony or medical documentation.  She fails to put forth any evidence of Avandia's "lethal side effects" beyond her own affidavit, where she states that "Avandia has been linked to heart attacks, congestive heart failure, stroke, death, bone fractures, and liver failure by the Food and Drug Administration."  (Doe Aff. ¶ 5.)  Nor does she list the ingredients of Avandia, which would allow the Court to determine whether they were included in the hundreds of substances for which Mr. Doe was tested during the toxicology analysis.  "Rule 56 explicitly requires a party opposing a summary judgment motion to present specific facts – in such forms as affidavits, answers to interrogatories, admissions and depositions – which demonstrate that there exists a genuine issue of material fact to be resolved by a factfinder."  Shiffler v. Equitable Life Assur. Soc. of U.S., No. CIV.A.84-6344, 1987 WL 13090, at *6 (E.D. Pa. June 25, 1987).  Here, Plaintiff provides no evidence that Avandia caused Mr. Doe's death beyond her own affidavit noting the potential side effects of the drug.  Such an unsupported assertion, made without personal knowledge or expertise, is insufficient to raise a genuine issue of material fact as to the cause of Mr. Doe's death.[1]  Accordingly, the Court grants Defendant's Motion for Summary

---

[1] Plaintiff also contends that "[t]here is no indication on the death certificate that the drugs were self-administered."  (Pl.'s Resp. Opp'n 1.)  The Court finds such an argument irrelevant to the dispute at hand.  Moreover, this contention is without merit, as the death certificate states, in the section labeled "Describe How Injury Occurred," that Doe "*[t]ook cocaine, hydrocodone and diazepam*."  (Id., Ex. P-1) (emphasis added).

Additionally, the parties dispute whether Plaintiff's response to Defendant's Request for Admissions was timely.  (Def.'s Reply 2.)  The Court declines to consider the timeliness of

Judgment.

## IV.     CONCLUSION

In light of the foregoing, the Court finds that Plaintiff has failed to carry her evidentiary burden to overcome summary judgment. Accordingly, Defendant's Motion for Summary Judgment is granted.

An appropriate Order follows.

---

Plaintiff's response, as the Court has made its determination independent of any potential admissions by Plaintiff.